RECEIVED
IN ALEXANDRIA, LA.
FEB 28 2014
TONY R. MOORE, CLERK
BY_____ DEPUTY

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAKE CHARLES DIVISION

| | | |
|---|---|---|
| CATHERINE HOOVER | : | DOCKET NO. 2:13-03256 |
| VS. | : | JUDGE TRIMBLE |
| SOS STAFF SERVICES INC. | : | MAGISTRATE JUDGE KAY |

## MEMORANDUM RULING

Before the court is "Defendant's Rule 12(b)(6) Motion to Dismiss" (R. #3) wherein the mover seeks to dismiss plaintiff's claims pursuant to Rule 12(b)(6) for failure to state a claim upon which relief can be granted. Defendant, SOS Staff Services, Inc. ("SOS") maintains that (1) it is not a state actor, (2) plaintiff has failed to allege a conspiracy among two or more people, and (3) plaintiff's claims are prescribed.

## THE LAWSUIT

In this lawsuit, plaintiff, Catherine Hoover, seeks redress from her employer, SOS, alleging violations of 42 U.S.C. §§ 1983 and 1985, the Fifth and Fourteenth Amendments of the United States Constitution and Louisiana Civil Code art. 2315.

Plaintiff alleges that SOS discriminated against her because of her age and gender,[1] imposed a hostile work environment upon her,[2] deprived her of a promotion and caused her economic loss,[3]

---

[1] Complaint, ¶¶ 49 and 53.

[2] Id., ¶ 50.

[3] Id..

conspired to deprive her of equal protection of the laws,[4] and intentional infliction of emotional distress.[5]

Plaintiff requests the following relief: punitive damages, attorney fees and costs, nominal damages,[6] and compensatory damages.[7]

### 12(b)(6) STANDARD

Federal Rule of Civil Procedure 12(b)(6) allows dismissal of a complaint when it fails to state a claim upon which relief can be granted. The test for determining the sufficiency of a complaint under Rule 12(b)(6) is that " 'a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.' "[8] Subsumed within the rigorous standard of the Conley test is the requirement that the plaintiff's complaint be stated with enough clarity to enable a court or an opposing party to determine whether a claim is sufficiently alleged.[9] The plaintiff's complaint is to be construed in a light most favorable to plaintiff, and the allegations contained therein are to be taken as true.[10] In other words, a motion to dismiss an action for failure to state a claim "admits the

---

[4] Id., ¶ 54.

[5] Id., ¶ 55.

[6] Id., Relief Requested, § a.

[7] Id., § § b, c, and d.

[8] Hitt v. City of Pasadena, 561 F.2d 606, 608 (5th Cir. 1977)(per curium) citing Conley v. Gibson, 355 U.S. 41, 45-46, 78 S.Ct. 99, (1957)).

[9] Elliot v. Foufas, 867 F.2d 877, 880 (5th Cir. 1989).

[10] Oppenheimer v. Prudential Securities, Inc., 94 F.3d 189, 194 (5th Cir. 1996).

facts alleged in the complaint, but challenges plaintiff's rights to relief based upon those facts.[11] "In order to avoid dismissal for failure to state a claim, a plaintiff must plead specific facts, not mere conclusory allegations. . . ."[12] "Legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss."[13] "[T]he complaint must contain either direct allegations on every material point necessary to sustain a recovery . . . or contain allegations from which an inference fairly may be drawn that evidence on these material points will be introduced at trial."[14]

Under Rule 8 of the Federal Rules of Civil Procedure, the pleading standard does not require a complaint to contain "detailed factual allegations," but it demands "more than an unadorned, the defendant-unlawfully-harmed-me accusation."[15] A complaint that offers "labels and conclusions:" or "a formulaic recitation of the elements of a cause of action will not do."[16] Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement."[17]

To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face."[18]

---

[11] Tel-Phonic Servs., Inc. v. TBS Int'l, Inc., 975 F.2d 1134, 1137 (5th Cir. 1992).

[12] Guidry v. Bank of LaPlace, 954 F.2d 278, 281 (5th Cir. 1992).

[13] Blackburn v. City of Marshall, 42 F.3d 925, 931 (5th Cir. 1995).

[14] Campbell v. City of San Antonio, 43 F.3d 973, 975 (5th Cir. 1995).

[15] Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955 (2007).

[16] Id.

[17] Id., at 557, 127 S.Ct. 1955.

[18] Id., at 570, 127 S.Ct. 1955.

## LAW AND ANALYSIS

In her complaint, plaintiff alleges a series of events that transpired from October 30, 2008 through April 12, 2011 regarding her tenure as an employee of SOS. A majority of the allegations refer to actions taken by plaintiff's supervisor, James Perkins. On February 15, 2011, plaintiff alleges that she was informed by corporate representatives that SOS was "losing the Lake Charles Branch and terminating Plaintiff's position." The court will assume that February 15, 2011 is plaintiff's termination date since the complaint does not allege any other date. On May 5, 2011, plaintiff filed a formal charge of discrimination with the EEOC. On September 17, 2013, the EEOC issued a Dismissal and Notice of Rights Letter.

*Section 1983, Fifth and Fourteenth Amendments*

SOS maintains that it cannot be held liable under section 1983 and/or the Fifth and Fourteenth Amendments because it is not a state actor citing Flander v. Kforce, Inc.[19] SOS argues that plaintiff has failed to allege facts to suggest that SOS is a federal government actor. Plaintiff remarks that SOS works as a federal subcontractor for many agencies including the Federal Emergency Management Agency and the Environmental Protection Agency. Plaintiff relies on Brentwood Academy v. Tennessee Second.Sch. Athletic Ass'n..[20] In Brentwood, the Supreme Court held that "state action may be found if, though only if, there is such a 'close nexus between the State and the challenged action' that seemingly private behavior 'may be fairly treated as that of the State

---

[19] 526 Fed. Appx. 364 (C.A. Tex. 2013); Price v. Lockheed Martin Corp., 261 Fed. Appx. 761, 764 (5th Cir. 2008)("Lockheed, as a private employer and not a state actor, was not subject to constitutional restrictions [of the Fourteenth Amendment]; Wheat v. Mass, 994 F.2d 273, 276 (5th Cir. 1993)("A Fifth Amendment claim is cognizable only against a federal government actor.")

[20] 531 U.S. 288, 121 S.Ct. 924 (2001).

itself.'"[21] Some of the factors recognized by the Court are (1) state action results from the State's exercise of "coercive power," (2) when a private actor operates as a willful participant in a joint activity with the State or its agents, (3) when the nominally private entity is controlled by an "agency of the State", (4) when the actor has been delegated a public function by the State, and/or (5) when the actor is entwined with governmental policies, or the government is entwined in the actor's management or control.[22] Plaintiff has failed to make any allegations that would meet this criteria.

SOS argues that just being a federal contractor is not the equivalent of being a state actor.[23] Furthermore, SOS submits that plaintiff's complaint does not allege that SOS is a federal subcontractor. We find plaintiff's allegations to be insufficient to establish that SOS is a state actor and therefore will dismiss plaintiff's § 1983 and/or U.S. Constitutional claims.

*Conspiracy claims*

SOS maintains that plaintiff's conspiracy claims in violation of 42 U.S.C. § 1985 also fail as a matter of law because a corporation cannot conspire with itself, and plaintiff has sued only one defendant, SOS. To state a claim for conspiracy, a plaintiff, among other things, must allege a conspiracy involving two or more persons. SOS argues that the complaint fails to specify the individuals involved in the alleged conspiracy. Plaintiff argues that she has alleged a pattern of behavior throughout the corporate structure of the defendant that conspired to deprive her of her rights. The court has read the complaint and finds that it does not allege a conspiracy "between two

---

[21] Citing Jackson v. Metropolitan Edison Co., 419 U.S. 345, 349, 95 S.Ct. 449 (1974).

[22] Brentwood, at 930.

[23] Citing Bates v. Christopher EPPS and GE Enterprises of MS, Inc., 2010 WL 1329073 (March 30, 2010).

or more persons." Thus, plaintiff's conspiracy claim fails as a matter of law.

*Prescription*

SOS maintains that plaintiff's claims under section 1983 and 1985 and Louisiana state law should be dismissed as untimely because they are all subject to the one-year prescriptive period found in Louisiana Civil Code art. 3492. The statutes of limitations for § 1983 and § 1985 claims are the same as the statute of limitations in a personal injury action in the state in which the cause of action arose.[24] The statute of limitations for intentional infliction of emotional distress is likewise subject to the one-year prescriptive period. "The accrual date occurs the moment the plaintiff becomes aware that he suffered an injury of has sufficient information to know that he has been injured." [25] As noted by SOS, the complaint alleges that plaintiff was terminated on or around February 15, 2011. Thus, plaintiff's knowledge of her injuries accrued as of or before that date. The instant complaint was filed on December 18, 2013. Accordingly, plaintiff's state law and § 1983 and 1985 claims are prescribed.

## CONCLUSION

For the reasons set forth above, the motion to dismiss will be granted in its entirety.

THUS DONE AND SIGNED in Chambers at Lake Charles, Louisiana, this 28th day of February, 2014.

JAMES T. TRIMBLE, JR.
UNITED STATES DISTRICT JUDGE

---

[24] Wallace v. Kato, 549 U.S. 384, 387, 127 S.Ct. 1091 (2007).

[25] Piotrowski v. City of Houston, 237 F.3d 567, 576 (5th Cir. 2001).